# United States District Court
### CENTRAL DISTRICT OF ILLINOIS

John D. Ray,                    )
                                )
          Plaintiff             )
                                )
    vs.                         )     Case No. 13-1338
                                )     *(The case number will be assigned by the clerk)*
Pekin Police Department         )
% TAZEWELL COUNTY               )
_____     )
_____     )
_____     )
_____     )
_____     )
_____,    )
                                )
        Defendant(s)             )

E-FILED
Tuesday, 30 July, 2013 10:45:59 AM
Clerk, U.S. District Court, ILCD

FILED
JUL 30 2013
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☑ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I. FEDERAL JURISDICTION

---

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: John D. Ray

Prison Identification Number: 270787

Current address: 101 S. Capitol
Pekin, IL. 61554

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Pekin Tazewell County Officer "A"

Current Job Title: City of Pekin Police Dept.

Current Work Address: 111 S. Capitol Street
Pekin, IL. 61554

Defendant #2:

Full Name: Pekin Tazewell County Officer "B"

Current Job Title: City of Pekin Police Dept.

Current Work Address: 111 S. Capitol Street
Pekin, IL. 61554

Defendant #3:

Full Name: _____

Current Job Title: _____

2

Current Work Address _____

_____

Defendant #4:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ☑

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐   No ☑

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number  N/A

2. Basic claim made  _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?)  _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☒  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

    Yes ☐  No ☒

If your answer is no, explain why not  N/A Criminal Matter of Arrest - June 8, 2013 - NOT A Grievance Issue

C. Is the grievance process completed?  Yes ☐  No ☐

   N/A

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  Pekin, IL

4

Date(s) of the occurrence June 8, 2013

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

I. Violation of Miranda Rights –

On June 8, 2013, around 5:00 a.m., I was a passenger in a car that was stopped by two Pekin Police officers. I was told to get out the car and several questions followed from Officer "A". They asked the driver Adam Luckie if they could search his car and he said yes. They found loose cash and jewelry in the car. I was approached by Officer "A" again with a line of questioning about where the jewelry came from in this car. I told him I didn't know. Officer "A" told me, "We already know where it came and how you guys got it, just go ahead and tell me and make it easy on yourself." Officer "A" repeated his demanding question to me of where did this jewelry come from. Again, I told him I didn't know nothing about the jewelry in this car. Officer "A" then approached the driver of the car Adam Luckie and asked him where the jewelry come from. I couldn't here Adam Luckie's reply. Then Officer "A" put the driver Adam Luckie in handcuffs behind his back and placed him in the Police Squad Car. Officer "A" told Officer "B"

that I was under arrest too. Officer "B" then placed handcuffs on me behind my back and told me I was under "Arrest". I asked Officer "B" what I was under arrest for? Officer "B" said I know what I'm under Arrest for. He patted me down and placed me in the squad car and pointed to a camera in the back seat of the squad car and said, "Anything you do or say is being recorded". Officer "B" then closed the door, got in the driver's seat and drove me to Pekin Police Dept., at 111 S. Capitol St., Pekin, IL. 61554.

## Miranda Rule

The Miranda Violation has occured because Officer "A" and "B" never read me my Miranda Rights when they arrested me at this police stop, nor did they tell me what I was arrested for. The Miranda Rule (1966) says, "The doctrine that a criminal suspect in police custody must be informed of certain constitutional rights before being interrogated. The suspect must be advised of the right to remain silent, the right to have an attorney present during questioning, and the right to have an attorney appointed if the suspect cannot afford one." "If the suspect is not advised of these rights or does not validly waive them, any evidence obtained during the interrogation cannot be used against the suspect at trial. Miranda v Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966).

6

Once at the Pekin Police Station, Officer "B" told me just be cooperative and admit to doing something petty like vandalism and they'll give me a slap on the wrist and release me this same morning, June 8, 2013. He placed me in the Police Interview Room 2. He then handcuffed me to the table and asked me for my shoes. I never saw this officer again. A new Officer came in and started asking questions of how I were feeling. I told him my blood sugar was low, I felt lightheaded, and needed to use restroom. He said he would take me to the restroom in a few minutes and he said he would check for something for my Low Blood Sugar. He was gone for roughly 20 minutes. When he came back he took me to the restroom. This new Officer started questioning me on the way to the restroom. Once back in the Interview Room, he brought me a Miranda Rights form and told me to sign it. He did not read me my Miranda Rights. He took the Miranda form I signed and left the room for about 5 minutes, came back

## RELIEF REQUESTED

(State what relief you want from the court.)

7

Continued from page 7

and started asking me questions. The Pekin Police Department on June 8, 2013 deprived me of my 14th, 5th, 8th and 4th Amendment Rights in the U.S. Constitution as well as my VI Amendment Constitutional Rights, and violating my Constitutional Miranda Rights at the police stop and arrest on June 8, 2013, as well as violating my Miranda Rights in the interview room at the "STATION".

John D Ray    July 28, 2013

Dismissal of the Charges. Punitive and Compensatory Damages in the amount of $200 million dollars - Two Hundred million Dollars to be determined by Jury or settlement from the Pekin Tazewell Police Department for Violation of my Constitutional Rights herein named in this Complaint.

JURY DEMAND  Yes ☒  No ☐

Signed this 28 day of July, 20 13.

(Signature of Plaintiff)

| Name of Plaintiff: John D. RAY | Inmate Identification Number: 270787 |
|---|---|
| Address: 101 South Capitol Pekin IL. 61554 | Telephone Number: 309-370-9695 |