UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOHN D. RAY, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | No. 13-1338 |
| ) | |
| PEKIN POLICE DEPARTMENT, ) | |
|    Defendant. ) | |

## MERIT REVIEW ORDER

This cause is before the Court for merit review of Plaintiff's Complaint. The Court is required by 28 U.S.C. §1915A to "screen" Plaintiff's Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Plaintiff, John D. Ray, has filed his lawsuit pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights were violated by the Pekin Police Department in Tazewell County, Illinois. Plaintiff has named two Defendants, Pekin Tazewell County Officer "A" and Pekin Tazewell County Officer "B."

Plaintiff says that on June 8, 2013, he was the passenger in a car stopped by two Pekin Police Officers, Officer "A" and Officer "B." Plaintiff says he was told to get out of the car and then Officer "A" asked him several questions about jewelry found in the car. Plaintiff also states that he told Officer "A" that he knew nothing about the jewelry in the car. After Officer "A" told Officer "B" that Plaintiff was under arrest along with the driver of the car, Plaintiff was placed in handcuffs and was told he was under arrest. Plaintiff says Defendants never read him his *Miranda* rights or informed him of why he was arrested. At the Pekin Police Station, Plaintiff says that a third officer started questioning him as the officer took Plaintiff to the restroom, and once back in the interview room, the officer brought Plaintiff a *Miranda* form and told him to sign it.

Plaintiff states a claim for false arrest against Officers "A" and "B." A plaintiff must show that there was no probable cause for his arrest in order to prevail on a constitutional claim for false arrest. *Williams v. City of Chi.*, 733 F.3d 749, 756 (7th Cir. 2013).

Plaintiff also states a claim at this time based upon the alleged *Miranda* violation by the two Pekin Police Officers. *See Aleman v. Vill. of Hanover Park*, 662 F.3d 897, 905-06 (7th Cir. 2011) (explaining that the statement made by the plaintiff to police officers who questioned him was used against him in a criminal proceeding, it was an indispensable ground for his indictment for murder, and so the alleged *Miranda* violation was actionable in a suit under Section 1983).

1

The Court notes that a more developed factual record must be made to determine whether Plaintiff states a claim based upon an alleged *Miranda* violation and whether that claim can even be pursued at this time.

As for Plaintiff's request for the "dismissal of the charges" in his request for relief, the only place he can seek dismissal is in his criminal proceedings and any appeals that may be available after that. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts.").

In *Donald v. Cook Cnty. Sheriff's Dep't*, the Seventh Circuit made clear that district courts have a duty to ensure that *pro se* litigants' claims are given fair and meaningful consideration. 95 F.3d 548, 555-56 (7th Cir. 1996). The *Donald* court explained that when a plaintiff faces barriers in determining the identities of unnamed defendants, the district court must assist the plaintiff in conducting the necessary investigation. *Id*. at 555. The Court further stated:

> Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; *by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible*; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means. A plaintiff's failure to explicitly name a John or Jane Doe defendant in the caption of the complaint does not relieve the district court of its responsibility to assist the *pro se* plaintiff who confronts barriers to identifying the appropriate defendants.

*Id*. at 556 (emphasis added). Accordingly, the Court will add Greg Nelson, the City of Pekin's Police Chief, as a Defendant at this time for purposes of service and assistance in identifying Pekin Police Officers "A" and B." Once Nelson has been served and has assisted in identifying Officers "A" and "B," he may seek to be dismissed from this case.

Finally, Plaintiff's Motion for copies will be granted [d/e 5] this one time. However, the Court notes that it is Plaintiff's responsibility to keep his own copies of documents filed in this case. In the future, Plaintiff will have to pay for copies requested from the Clerk. Copies requested from the Clerk cost $0.10 per page, up front.

**IT IS THEREFORE ORDERED that:**

> 1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff alleges: a) a claim of false arrest against Pekin Police Officers "A" and "B"; and b) a claim for a *Miranda* violation against Pekin Police Officers "A" and "B." Any claims not set forth in herein shall not be included in the case, except in the

Court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) The Clerk is directed to add City of Pekin Police Chief Greg Nelson and Pekin Police Officers "A" and "B" to the caption of this case.

10) Plaintiff's Motion for copies is GRANTED [d/e 5]. The Clerk is directed to send Plaintiff a copy of his Complaint [d/e 1].

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTERED this 20th day of December, 2013.

s/ Sara Darrow
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE